# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00018-MR-WCM

| | |
|---|---|
| **NTE ENERGY SERVICES COMPANY, LLC,** </br>  </br> Plaintiff, </br>  </br> vs. </br>  </br> **CEI KINGS MOUNTAIN HOLDINGS, LLC, WATTAGE FINANCE-NC, LLC, and CASTILLO INVESTMENT HOLDINGS, LLC,** </br>  </br> Defendants/Claimants. | **ORDER FOR DEPOSIT, RESTRAINING ORDER, AND ORDER FOR SERVICE OF PROCESS** |

**THIS MATTER** is before the Court on the Interpleader Plaintiff's Motion for Order Directing the Deposit of Funds into the Court Registry [Doc. 3] and the Interpleader Plaintiff's Motion for Restraining Order and Service of Process Authorized by 28 U.S.C. § 2361 [Doc. 5].

**I.      FACTUAL AND PROCEDURAL HISTORY**

On January 17, 2019, the Plaintiff NTE Energy Services Company, LLC, initiated this statutory interpleader action, seeking the Court's assistance pursuant to 28 U.S.C. § 1335 in determining a fair, equitable, and just distribution of $13,269,397.88 under the Plaintiff's control. [Doc. 1].

In the Complaint, it is alleged that in July 2014, the Defendants/Claimants CEI Kings Mountain Holdings, LLC ("Kings Mountain"),[1] Wattage Finance-NC, LLC ("Wattage"),[2] and Castillo Investment Holdings, LLC ("Castillo")[3] formed NTE Carolina Holdings, LLC,

---

[1] It is alleged in the Complaint that Kings Mountain is a limited liability company formed and existing under the laws of the State of Delaware. Kings Mountain's members are: (1) CEI Kings Mountain Investor, LP; (2) Axium Kings Mountain, LLC; and (3) entities affiliated with the John Hancock Group of companies (the "John Hancock Group"). CEI Kings Mountain Investor, LP is ultimately owned by limited partners, at least one of whom is, upon information and belief, a citizen of a state other than Florida. Axium Kings Mountain, LLC is ultimately owned by limited partners, including Axium Infrastructure, Inc., a Canadian corporation with its principal place of business in Montreal, Canada. The companies in the John Hancock Group that are members of Defendants Kings Mountain are John Hancock Life Insurance Company (U.S.A.), a Michigan corporation with its principal place of business in Boston, Massachusetts; John Hancock Life Insurance Company of New York, a New York corporation with its principal place of business in Valhalla, New York; and John Hancock Life and Health Insurance Company, a Massachusetts corporation with its principal place of business in Boston, Massachusetts. [Id. at ¶ 3].

[2] It is alleged in the Complaint that Wattage is a limited liability company formed and existing under the laws of the State of Delaware. Wattage's members are: (1) Midland National Life Insurance Company; (2) North American Company for Life and Health Insurance; (3) Teachers Insurance Company; (4) Horace Mann Insurance Company; and (5) the John Hancock Group. Midland National Life Insurance Company is a South Dakota corporation with its principal place of business in Sioux Falls, South Dakota. North American Company for Life and Health Insurance is an Iowa corporation with its principal place of business in Des Moines, Iowa. Teachers Insurance Company is an Illinois corporation with its principal place of business in Springfield, Illinois. Horace Mann Insurance Company is an Illinois corporation with its principal place of business in Springfield, Illinois. The companies in the John Hancock Group that are members of Defendant Wattage are the same ones described in the preceding paragraph as members of Kings Mountain. [Id. at ¶ 4].

[3] It is alleged in the Complaint that Castillo is a limited liability company formed and existing under the laws of the State of Florida. Castillo's sole member is Seth Shortlidge, a Florida citizen. [Id. at ¶ 5].

("NTE"),[4] a limited liability company organized under the laws of the State of Delaware. [Id. at ¶ 10]. NTE is governed by a Limited Liability Operating Agreement ("LLC Agreement"), which as amended creates two classes of membership interests: "Class A Membership Interests" and "Class B Membership Interests." [Id. at ¶¶ 11, 12]. Under the LLC Agreement, Kings Mountain and Wattage each owns 50% of NTE's Class A Membership Interests respectively and are collectively referred to as the "Class A Members." [Id. at ¶ 13]. Castillo owns 100% of NTE's Class B Membership Interests and is the sole "Class B Member." [Id. at ¶ 14].

NTE is the sole member of NTE Carolinas, LLC (the "Project Company"), also a limited liability company organized under the laws of the State of Delaware. [Id. at ¶ 15]. Through the Project Company, NTE developed — and now owns and operates — the Kings Mountain Energy Center, a natural gas-fired electric generating facility located in Cleveland County, North Carolina (the "KMEC Project"). [Id. at ¶ 16]. The Plaintiff is party to a March 11, 2016 Asset Management Agreement ("AMA") with the

---

[4] There are three separate, but related, entities involved in this matter with confusingly similar names. The first is the Plaintiff NTE Energy Services Company, LLC. It is the Asset Manager that, *inter alia*, was charged with receiving the funds at issue herein. The second is NTE Carolina Holdings, LLC, which is the entity that is owned by the three Claimants in this case. It is the entity referred to herein as "NTE." The third is NTE Carolinas, LLC, which is a subsidiary of NTE, and operates the project in North Carolina that gave rise to the Utility Refund that is being disputed.

Project Company, pursuant to which the Plaintiff acts as Asset Manager for the KMEC Project.  [Id. at ¶ 17].

On September 28, 2018, the Asset Manager informed NTE that Duke Energy Carolinas, LLC had deposited a Utility Refund of $24,126,177.97 into a Project Company account, and that in accordance with the Plaintiff's understanding of the LLC Agreement, the Plaintiff proposed to allocate the entirety of the Utility Refund to the Class A and Class B Members as follows: 45% (i.e., $10,856,780.09) to each Class A Member and 10% (i.e., $2,412,617.79) to the Class B Member.  [Id. at ¶ 19].

In response, one of NTE's board members instructed the Plaintiff not to distribute the funds pending further instruction, because the Class A Members needed time to analyze the situation.  [Id. at ¶ 20].  The Plaintiff therefore retained the Utility Refund in the Project Company account.  [Id. at ¶ 21].

On October 5, 2018, Castillo commenced an arbitration against NTE, Kings Mountain and four Managers of NTE (the "First Arbitration"), alleging breaches of the LLC Agreement in connection with Kings Mountain's transfer to a third party of certain Class A Membership Interests.  [Id. at ¶ 22].  On October 23, 2018, NTE filed an answer and counterclaim in the First Arbitration, alleging that the Class A Members were being deprived of the

Utility Refund as a result of Castillo's conduct, and seeking a declaration that the Utility Refund should be allocated entirely to the Class A Members. [Id. at ¶ 23].

On November 19, 2018, Castillo commenced a second arbitration against NTE (the "Second Arbitration"), alleging that NTE and its Board failed to determine in good faith the formula by which Castillo may be entitled to certain distributions under the LLC Agreement. [Id. at ¶ 24].

NTE Board members subsequently instructed the Plaintiff to transfer 45% of the Utility Refund to each of Kings Mountain and Wattage (i.e., the Class A Members), and to retain the remaining 10% pending further instruction from the Board. [Id. at ¶ 26]. Castillo objected to this instruction, arguing that payment to the Class A Members and not the Class B Member would constitute a material breach of the LLC Agreement. [Id. at ¶ 27]. Despite its objections to NTE's instructions to distribute 90% of the funds, Castillo advised that it did not object to the Plaintiff distributing 45% of the Utility Refund to Wattage. [Id. at ¶ 33]. On January 16, 2019, the Plaintiff initiated a wire transfer to Wattage in the amount of $10,856,780.09. [Id. at ¶ 38].

On January 16, 2019, Castillo initiated a third arbitration (the "Third Arbitration") seeking a declaration that NTE has breached its obligations

5

under the LLC Agreement by attempting to compel the Plaintiff to make distributions to the Class A Members only. [Id. at ¶ 39].

The Plaintiff now seeks leave to pay into the Court the remaining portion of the Utility Refund ($13,269,397.88) pursuant to statutory interpleader. [Doc. 3]. The Plaintiff also moves for an Order restraining the Defendants/Claimants from initiating or pursuing state or federal actions which would impact the Disputed Funds, and it seeks national service of process pursuant to 28 U.S.C. § 2361. [Doc. 5].

## II. DISCUSSION

Federal district courts have original jurisdiction over a civil action for interpleader filed by any person or entity having in its possession five hundred dollars or more if (1) two or more adverse claimants of diverse citizenship may claim to be entitled to the money and (2) the money has been paid into court. 28 U.S.C. § 1335(a). An action for statutory interpleader is "an equitable remedy designed to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund." Security Ins. Co. of Hartford v. Arcade Textiles, Inc., 40 F. App'x 767, 769 (4th Cir. 2002).

Here, the Plaintiff has alleged that the Defendants/Claimants have adverse and competing claims in excess of $500.00 against assets

6

controlled by the Plaintiff.  Specifically, the Plaintiff has alleged that it holds $13,269,397.88 in Disputed Funds, and that the Claimants have asserted adverse and competing claims to such funds.  The Plaintiff has also alleged that at least two of the adverse Claimants are citizens of different states.  Namely, the Plaintiff has alleged that Wattage's members are citizens of South Dakota, Iowa, Michigan, Massachusetts, and New York, while the sole member of Castillo is a citizen of Florida.  Finally, the Plaintiff stands ready to deposit into the registry of the Court the full and total amount of the Disputed Funds, to wit, $13,269,397.88.  Accordingly, the Court concludes that the jurisdictional requirements of § 1335(a) are satisfied.

In a statutory interpleader action, the Court "may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court."  28 U.S.C. § 2361.  Section 2361 "allows nationwide service of process, and thus permits the exercise of personal jurisdiction over any claimant who has established contacts anywhere in the United States, even if that claimant does not have minimum contacts with the forum state in which the federal interpleader court sits."  Great W. Cas. Co. v. Fredrics, No. 1:10-CV-267, 2010 WL 4818010, at *2 (W.D.N.C. Nov.

22, 2010) (citation omitted).  Accordingly, the Plaintiff's motion for a restraining order and for nationwide service of process is granted.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Interpleader Plaintiff's Motion for Order Directing the Deposit of Funds into the Court Registry [Doc. 3] hereby **GRANTED**.  No later than fourteen (14) days from entry of this Order, the Plaintiff shall deliver to the Clerk of Court for the Western District of North Carolina payment of $13,269,397.88, representing the total amount of Disputed Funds subject to adverse claims described in the Complaint.  Said funds shall be deemed Disputed Ownership Funds ("DOF") in accordance with Local Civil Rule 67.1 and the applicable IRS definition.

**IT IS FURTHER ORDERED** that, in accordance with the provisions of Local Civil Rule 67.1, the Clerk of this Court shall receive and deposit said funds in an interest-bearing account or invest said funds in a court-approved, interest-bearing instrument, subject to further Order of this Court.

**IT IS FURTHER ORDERED** that the Interpleader Plaintiff's Motion for Service of Process Authorized by 28 U.S.C. § 2361 [Doc. 5] is **GRANTED**, and service of process of the Summons and Complaint as well as this Order shall be accomplished pursuant to 28 U.S.C. § 2361 by personal service by

8

the United States Marshals for the respective districts where the Defendants/Claimants reside. Return and proof of service of process shall be made by each United States Marshal by affidavit in the manner required by Federal Rule of Civil Procedure 4(l)(1).

**IT IS FURTHER ORDERED** that the Interpleader Plaintiff's Motion for Restraining Order [Doc. 5] is **GRANTED**, and the Defendants/Claimants are hereby **RESTRAINED** from initiating, instituting or prosecuting any action that affects any party's right to the $13,269,397.88 in Disputed Funds, absent Order of this Court. It is intended that this Order shall be without prejudice to any Defendant/Claimant's right to seek relief from this Order to continue pursuing claims or counterclaims at issue in the various Arbitrations described in the Complaint.

**IT IS SO ORDERED.**

Signed: January 22, 2019

Martin Reidinger
United States District Judge