# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00018-MR-WCM

| | |
|---|---|
| **NTE ENERGY SERVICES COMPANY, LLC,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )  **MEMORANDUM OF**<br>)  **DECISION AND ORDER** |
| **CEI KINGS MOUNTAIN HOLDINGS, LLC, WATTAGE FINANCE-NC, LLC, and CASTILLO INVESTMENT HOLDINGS, LLC,** | )<br>)<br>)<br>) |
| Defendants/Claimants. | ) |

**THIS MATTER** is before the Court on the Motion to Dismiss the Complaint or, in the Alternative, Stay the Action and Request for Expedited Consideration filed by the Defendant CEI Kings Mountain Holdings, LLC ("CEI") and Wattage Finance-NC, LLC ("Wattage") [Doc. 15] and the Motion Joining Motion to Stay the Action and for Relief from Restraining Order filed by the Defendant Castillo Investment Holdings, LLC ("Castillo") [Doc. 28].

## I. FACTUAL AND PROCEDURAL HISTORY

On January 17, 2019, the Plaintiff NTE Energy Services Company, LLC, initiated this statutory interpleader action, seeking the Court's assistance pursuant to 28 U.S.C. § 1335 in determining a fair, equitable, and

just distribution of $13,269,397.88 under the Plaintiff's control. [Doc. 1]. The Plaintiff sought leave to pay into the Court $13,269,397.88 ("the Disputed Funds") pursuant to statutory interpleader. [Doc. 3]. The Plaintiff also moved for an Order restraining the Defendants/Claimants from initiating or pursuing state or federal actions which would impact the Disputed Funds. [Doc. 5]. On January 22, 2019, the Court entered an Order granting the Plaintiff's motion for the deposit of funds and restraining the Defendants/Claimants from initiating, instituting or prosecuting any action that affects any party's right to the Disputed Funds. [Doc. 10]. The Court noted, however, that the Order was intended to be "without prejudice to any Defendant/Claimant's right to seek relief from this Order to continue pursuing claims or counterclaims at issue in the various Arbitrations described in the Complaint." [Id. at 9].

CEI and Wattage now move the Court to dismiss this action for lack of subject matter jurisdiction under 28 U.S.C. § 1335, arguing that the Plaintiff is not in custody or possession of the funds at issue, and for failure to state a claim upon which relief may be granted, arguing that the Plaintiff's fears of multiple liability are not legitimate and the pending arbitrations render the interpleader action unnecessary. [Doc. 15]. In the alternative, CEI and Wattage move the Court to stay the action and to allow the pending

arbitrations to go forward. [Id.]. Castillo joins in the motion to stay the action and for relief from the restraining order. [Doc. 28].

## II. STANDARD OF REVIEW

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. The lack of subject matter jurisdiction is an issue that may be raised at any time. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### B. Motion to Dismiss for Failure to State a Claim

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendant's motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is

3

not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement...." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d

at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

## III. DISCUSSION

Federal district courts have original jurisdiction over a civil action for interpleader filed by any person or entity having in its custody or possession five hundred dollars or more if two or more adverse claimants of diverse citizenship claim to be entitled to the money and the money has been paid into court. 28 U.S.C. § 1335(a). CEI and Wattage argue that this Court lacks subject matter jurisdiction under § 1335 because the Plaintiff was not in "custody or possession" of the funds at issue. The Defendants' argument in this regard is belied by the fact that the Plaintiff successfully directed the deposit such funds into the Court registry. Regardless of whether some other entity in fact possessed the Disputed Funds, the deposit into the Court's registry clearly demonstrates that the Plaintiff had the power to direct the payment of such funds and thus had the requisite "control." See General Atomic Co. v. Duke Power Co., 553 F.2d 53, 57 (10th Cir. 1977) ("The essential aspect is that the res be under the control of the person bringing the lawsuit, so as to be deliverable to the registry of the court."). Accordingly, the motion to dismiss for lack of subject matter jurisdiction is denied.

As for CEI and Wattage's argument that the Plaintiff's Complaint fails to state a claim, the Court finds this argument to be without merit. The Plaintiff has sufficiently alleged that the Defendants/Claimants have asserted adverse and competing claims to funds controlled by the Plaintiff. As such, the Plaintiff has adequately stated a claim for interpleader under § 1335.

Having denied the motion to dismiss, the Court turns to the Defendants' request for alternative relief for a stay of this action and a lifting of the restraining order previously entered in this matter so as to allow the arbitrations pending between the Defendants to proceed. The parties appear to be in agreement that a stay of this interpleader action is appropriate. For the reasons stated by the parties and for cause shown, the Court will stay this interpleader action and will modify the restraining order previously entered as so to allow the Defendants to resolve their competing claims by arbitration.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The Motion Joining Motion to Stay the Action and for Relief from Restraining Order filed by the Defendant Castillo Investment Holdings, LLC ("Castillo") [Doc. 28] is **GRANTED**;

(2) The Motion to Dismiss the Complaint or, in the Alternative, Stay the Action and Request for Expedited Consideration [Doc. 15] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Defendants' motion to dismiss the Complaint is **DENIED**, and the motion to stay is **GRANTED**. This matter is hereby **STAYED** pending the completion of the various Arbitrations described in the Complaint;

(3) The Restraining Order previously entered in this matter [Doc. 10] is hereby **MODIFIED** so as to allow the various Arbitrations described in the Complaint to proceed; and

(4) The parties shall file status reports every 90 days with the Court until the conclusion of said arbitrations.

**IT IS SO ORDERED.**

Signed: February 18, 2019

Martin Reidinger
United States District Judge